EUGENE BENNETT SMITH v. FRED CLARENCE STONE AND COLOR-
CRAFT OF CHARLOTTE, INC.

(Filed 22 November, 1967.)

APPEAL by defendants from *Fountain, J.,* February 26, 1967
Term, ANSON Superior Court.

Plaintiff instituted this civil action to recover for the personal
injuries he received on December 24, 1964 as he was attempting to
walk across Wade Street at its intersection with Greene Street in
Wadesboro. His allegations and evidence disclose that at about
10:00 in the morning, as he was crossing within the boundaries of
a marked crosswalk, in obedience to a green light for pedestrians,
the defendant, Fred Clarence Stone, agent of Colorcraft of Char-
lotte, Inc., backed the corporation's Valiant automobile from its
parked position at an angle to the curb, near the crosswalk, without
seeing that the reverse movement could be made in safety. The rear
bumper of the Valiant crashed into the plaintiff, inflicting serious
and permanent injuries.

The defendants, by answer, denied negligence on the part of
Stone and conditionally pleaded contributory negligence on the
part of the plaintiff as a bar to his recovery.

Both parties introduced evidence. The Court submitted these
issues, which the jury answered as here indicated:

"1. Was the plaintiff injured by the negligence of the defend-
ants, as alleged in the Complaint?
ANSWER: Yes.

2. If so, did the plaintiff, by his own negligence, contribute
to his own injury, as alleged in the Answer?
ANSWER: No.

3. What amount, if any, is the plaintiff entitled to recover of
the defendants?
ANSWER: $48,000.00."

From judgment on the verdict, defendants appealed.

*A. Paul Kitchin; Smith, Leach, Anderson & Dorsett by John
H. Anderson for defendants appellants.*
*E. A. Hightower for plaintiff appellee.*

PER CURIAM. All assignments of error discussed in the brief
or in the oral argument here involve exceptions to the Court's
charge. When the charge is considered contextually, as it must be,

it is clear, concise, and in accord with the decisions of this Court. It covers all essential elements of negligence, contributory negligence and damages.

The Court placed on the plaintiff the burden of proof on Issues 1 and 3 and on the defendants on Issue 2. The Court instructed that a negative answer to Issue 1 would end the case, or an affirmative answer to Issue 2 would likewise end the case. But, an affirmative answer to Issue 1 and a negative answer to Issue 2 would require the jury to answer Issue 3. The Court gave the jury the proper rules with respect to the quantum of proof necessary to require affirmative answers and further charged that a failure to carry the burden required a negative answer. The Court gave correct rules for the assessment of damages.

No error.

BRANCH, J., did not participate in the consideration or decision of this case.